IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRIAN K. SOLSRUD,<br><br>Plaintiff,<br><br>v.<br><br>BELT VALLEY BANK, BRUCE A. HOYER, CERA E. HOYER, JOSHUA J. LARSON, SUZETE L. MAKI, TAMMY R. OGLE, JESSICAL SCHATZKA, SANDY FRANCOM, ROBERT KELLY, CONN FORDER, BENJAMIN GRAYBILL AND GRIAN LOUCKS,<br><br>Defendants. | CV-26-08-GF-JTJ<br><br><br>ORDER |

## I.    INTRODUCTION

Plaintiff Brian K. Solsrud (Solsrud) filed a Motion for Temporary Restraining Order (TRO) and Motion for Preliminary Injunction to preclude Defendant Belt Valley Bank (Bank) from holding its annual meeting until after the Court has had the opportunity to determine: (1) whether the Bank illegally issued 160 shares of stock to certain of the

Bank's Officers so they could vote against Plaintiff's legitimate initiatives for the Bank's shareholders; (2) which set of numerous competing Bylaws will control at the annual or any special shareholder meeting held by the Bank; and (3) whether the Bank must hold Plaintiff's properly requested special shareholder meeting prior to holding the Bank's next annual meeting in order to maintain the status quo ante and protect Plaintiff's legitimate interests as an individual shareholder. (Doc. 29).

## II.    LEGAL STANDARD

District courts possess discretion regarding the grant or denial of preliminary relief. *Envtl. Prot. Info. Ctr. v. Carlson,* 968 F.3d 985, 989 (9th Cir. 2020). The standard for issuing a TRO proves "essentially identical" as that for issuing a preliminary injunction. *Don't Shoot Portland v. City of Portland*, 465 F. Supp. 3d 1150, 1154 (D. Or. 2020) (internal citations omitted). A party seeking a TRO must establish the following four elements: (1) that they are likely to succeed on the merits; (2) that they are likely to suffer irreparable harm in the absence of a TRO; (3) that the balance of equities tips in their favor; and (4) that a TRO is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). The Ninth Circuit evaluates the above factors under a sliding scale. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). A stronger showing on one factor may offset a weaker showing on another. *Id*. at 1132. A preliminary injunction is "an extraordinary and drastic remedy" and "should not be granted unless the movant,

2

by clear showing, carries the burden of persuasion, *Lopez v. Brewer*, 680 F.3d 1068, 1072. (9th Cir. 2012).

## III.    <u>DISCUSSION</u>

### A<u>. Solsrud  failed to  establish the requisite *Winter* elements to obtain a TRO</u>

Solsrud urges the Court to grant its Motion for a TRO to prevent the Bank from holding its 2026 annual meeting scheduled for March 26, 2026, until such time as the Court can hear and determine Solsrud's Motion for Preliminary Injunction. (Doc. 30, p. 6).  Solsrud contends that between November of 2020 and May of 2025, the Bank purported to adopt numerous amendments to the Bank's Bylaws that changed the voting requirements for how the shareholders elected and removed members of the Bank's Board of Directors, without the consent or authority of the Bank's shareholders in violation of Section 9.01 of the Bank's 2013 Bylaws. (Id., pp. 8-9).

Solsrud further contends that between October 2025 and February 2026, the Bank unilaterally and improperly issued 160 shares of bank stock to certain bank officers without allowing Solsrud's to hold a special meeting pursuant to the Bank's Bylaws. *(*Id., pp. 10-11, Doc. 30-1, ¶8).  Solsrud asserts he had this right to request a special meeting as a shareholder with more than 10% of the outstanding shares. (Doc. 30, pp. 10-11.)  Solsrud contends that the Bank has failed to convene a special meeting requested by Solsrud to address these issues. (Id.). Solsrud advises that the

Bank did initially agree to postpone its annual board meeting it had scheduled for February 17, 2026, indefinitely after Solsrud objected to the meeting taking place on the basis that his special meeting should occur first, and that it was improper to issue dividends to the 160 shares at the annual meeting when the shares had been illegally distributed. (Id.)  Solsrud states, however, that the Bank changed course on March 6, 2026 when  it rescheduled the annual meeting for March 26, 2026, because it was required to hold an annual meeting before April 15, 2026. (Id.).  Solsrud states he received notice of the March 26, 2026 meeting on March 11, 2026. (Doc. 30-1, ¶ 9). Also, the Bank reported that it had already issued dividends to the purported holders of the 160 disputed shares prior to the annual meeting that had been scheduled for February 17, 2026  meeting.  (Id., fn.1; Doc. 30-1, ¶ 8.)

Solsrud contends he meets the *Winter* factors:

1. Likely success - The Bank violated Section 9.01 of its Bylaws which expressly limit the Board's ability to change shareholder voting requirements. Further the Bank Bylaws and Montana law provide that the authority to issue stock is reserved exclusively to the Bank's shareholders and therefore, the Board had no authority to issue 160 shares to Bank officers;

2.  Irreparable harm – If meeting occurs, people will vote who are not legally entitled to vote; Solsrud will lose the opportunity to elect a new board at the annual meeting as permitted by the 2013 Bank Bylaws; and the annual meeting

4

will harm Solsrud's right to address issues at a special meeting he previously requested;

3.  Balance of equities – Solsrud will suffer harm if annual meeting takes place before a determination of his claims and temporary postponement of annual meeting will cause no harm to Bank;

4.  Public interest – Public has a strong interest in ensuring banking laws of this state are followed.

(Id., pp. 10-21).

Solsrud filed his Motion for a Temporary Restraining Order earlier today, March 25, 2026, requesting the Court order the Bank's annual board meeting scheduled for tomorrow, March 26, 2026, be postponed.  Solsrud's motion concedes that he was aware this annual meeting had been scheduled since March 11, 2026. (Doc 30-1 ¶ 9). Yet Solsrud waited until the eleventh hour, the day before the meeting, to file his motion, thereby denying any party opposed to his motion any meaningful opportunity to respond. Accordingly, the Court finds Solsrud's contention that the harm he claims is irreparable is unpersuasive. The Ninth Circuit has consistently held that a plaintiff's delay before seeking a temporary restraining order implies a lack of urgency and irreparable harm and weighs against granting a TRO. *See Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th

Cir. 1985). Had his claimed harm been as irreparable as Solsrud argues, he certainly would not have waited until the last minute to file his Motion for TRO.

Any harm Solsrud may potentially suffer as result of tomorrow's annual shareholder meeting is also certainly not irreparable. The Court, if action is taken at tomorrow's annual shareholder meeting in violation of the Bank's Bylaws and/or Montana law, can enter the necessary orders to nullify any such action. Furthermore, if Solsrud is damaged by any action taken tomorrow at the meeting that violates the Bank's Bylaws and/or Montana law, monetary damages may be awarded to compensate Solsrud. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974).  "Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation." *Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015).

The equities do not weigh in Solsrud's favor for the same reason.  The Court can address Solsrud's request for injunctive relief following its consideration of the fully developed arguments made by the parties through briefing and during oral arguments.  Finally, the public's interest in a shareholder dispute of a privately held bank is minimal at best.

Accordingly, given the disputed issues of whether the Bank has acted in violation of its bylaws and/or Montana law, Solsrud's delay in filing his Motion for TRO, coupled with the ability of the Court to reverse, amend, or vacate any action of the Bank's board following a hearing on the merits of Solsrud's motion, the Court finds Solsrud has not established the *Winter* factors.

## IV.    <u>CONCLUSION</u>

For the reasons stated above,

**IT IS HEREBY ORDERED** Solsrud's Motion for Temporary Restraining Order (Doc. 29) is **DENIED.**

**IT IS FURTHER ORDERED** a hearing on Solsrud's Motion for a Preliminary Injunction shall be held on April 9, 2026, at 10 a.m. at the Mike Mansfield Federal Courthouse in Butte, Montana. Any party opposed to Solsrud's Motion for Preliminary Injunction shall file a response brief no later than March 31, 2026. Solsrud's reply brief shall be filed no later than April 3, 2026.

DATED this 25th day of March 2026.

John Johnston
United States Magistrate Judge