IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRIAN K. SOLSRUD, <br><br> Plaintiff, <br><br> v. <br><br> BELT VALLEY BANK, BRUCE A. HOYER, CERA E. HOYER, JOSHUA J. LARSON, SUZETE L. MAKI, TAMMY R. OGLE, JESSICA SCHATZKA, SANDY FRANCOM, ROBERT KELLY, CONN FORDER, BENJAMIN GRAYBILL AND BRIAN LOUCKS, <br><br> Defendants. | CV-26-08-GF-JTJ <br><br><br> ORDER |

## I.    INTRODUCTION

Plaintiff Brian K. Solsrud (Solsrud) has filed a Complaint against Defendants Belt Valley Bank (Bank), Bruce A. Hoyer, Cera E. Hoyer, Joshua J. Larson, Suzete L. Maki, Tammy R. Ogle, Jessica Schatzka, Sandy Francom, Robert Kelly, Conn Forder, Benjamin Graybill and Brian Loucks (Individual Defendants). (Doc. 1). Solsrud seeks declaratory and injunctive relief against the Bank and asserts claims for breach of a fiduciary duty against the Individual

1

Defendants. (Id).  The Individual Defendants have filed a Motion to Dismiss and briefs in support.  (Docs. 21, 22 and 42).  Solsrud opposes the Motion. (Doc. 37).

## II.    BACKGROUND

Solsrud, a shareholder of the Bank, has challenged several actions the Bank made over the last five years. (Doc. 1).   Regarding the Individual Defendants, Solsrud challenges the Bank's Board of Directors' (Board) issuance of 160 shares of treasury stock to certain of the Bank's Officers and Directors. (Id., ¶¶ 231-260).   The Board authorized these shares on May 5, 2025, through a Resolution (Id., ¶ 124).  Solsrud contends the Board's members breached their fiduciary duties owed to him as a shareholder by approving the Resolution. (Id., ¶¶ 237-47).  Solsrud contends that Defendants Hoyer and Maki, who are members of the Board and who received shares, separately breached their fiduciary duties by supporting the Resolution and accepting an award of the shares. (Id., ¶ 259).

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper under Rule 12(b)(6) when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry,* 710 F.3d 995, 999 (9th Cir. 2013). To withstand a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true,

2

to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the motion to dismiss stage, the Court "take[s] all well-pleaded factual allegations in the complaint as true, construing them in the light most favorable to the nonmoving party." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018).

## III.   <u>DISCUSSION</u>

### A. Parties' Positions

The Individual Defendants contend that Solsrud's Complaint does not give rise to a cognizable claim against them. (Doc. 22, p. 6.) Defendants Cera E. Hoyer, Joshua J. Larson, Tammy R. Ogle and Jessica Schatzka (the Officers) argue that Solsrud's Complaint does not assert any cause of action against them at all. (Id.). The Officers argue that Solsrud does not allege they engaged in any wrongdoing or breached any fiduciary duties owed to Solsrud or other shareholders. (Id., p. 7). Simply naming them in the caption and alleging they were recipients of the share award is insufficient to support a breach of a fiduciary duty claim or any other cause of action. (Id.).  As to the remaining Individual Defendants, Bruce A. Hoyer, Suzete L. Maki,  Sandy Francom, Robert Kelly, Conn Forder, Benjamin Graybill and Brian Loucks (the Directors), they contend that their fiduciary duties run to the corporation as a whole, not any individual shareholder. (Id., p. 9). Therefore, the Individual Defendants argue that Solsrud, as an individual shareholder, cannot assert direct claims against them for harm he alleged on behalf

of the corporation or the broader shareholder group. (Id.). As Solsrud fails to allege any special duty or particularized injury the Directors owed to him, beyond the alleged dilution of all Bank shares, his claims against them fail. (Id., p. 11).

Solsrud contends that the Officers are proper parties because they have a material interest in the outcome of this litigation. (Doc. 37, p. 2.)  Specifically, because Solsrud is challenging whether the Bank's Board was authorized to issue any stock to these Officers and whether they actually own any stock in the Bank, these individuals are necessary parties to defend their interests. (Id.).

Additionally, Solsrud contends that he properly asserted claims against the Director Defendants for breach of fiduciary duties. (Id). Solsrud argues, relying upon *Fox v. 7LBar Ranch Co*., 645 P.2d 929 (Mont. 1982) and *Skiera v. Skiera Brothers*, 629 P.2d 214 (Mont. 1981), that the Directors' action in approving the purported distribution of stock caused him to suffer special, personal and individual injuries. (Id.). Solsrud further argues that the issuance of the shares, which improperly diluted his shares, was illegal because Mont. Code Ann. § 35-14-621(2), allowing a Board to authorize shares to be issued for cash or non-cash distribution, does not apply to banks. (Id, p. 9).

The Officer and Director Defendants counter that because Solsrud's fiduciary duty claims rest on the theory that the Board's actions diluted his shares, which is a harm to the entire shareholder group, he does not and cannot identify any special

4

duty or distinct injury to him. (Doc. 42, p. 2).  As such, Solsrud's claims against the Directors are derivative, not direct, and must be dismissed. (Id.).

The Officer and Director Defendants further argue that Solsrud's reliance on Mont. Code Ann. § 35-14-621(2) is misplaced.  Although he is correct that this provision does not apply to banks, he is incorrect that it applies to the award of shares at issue in this action. (Id., p. 4.).  The 160 shares at issue were previously authorized and reacquired by the Bank as treasury shares. (Id.). As such, the Board's action was not an "authorization" of shares, but rather an "issuance" of shares previously authorized, which is expressly allowed by Mont. Code Ann. § 35-14-621(6), which specifically applies to banks. (Id.).  Further, this statute allowed the Board to issue shares for non-cash consideration because the voting power of these shares did not comprise more than 20% of the voting power of the shares of the corporation that were outstanding immediately before the transaction. (Id., pp 4-5.).

The Officer and Director Defendants, however, concede Solsrud's argument that the certain Directors and Officers owning the disputed 160 shares are necessary parties with respect to the claims challenging the distribution of these shares. (Id.). Therefore, should the Court allow Solsrud's claim seeking to invalidate the issuance of the160 shares to proceed, all those that received part of the 160 shares, including Directors Bruce Hoyer and Suzette Maki, and Officers Tammy Ogle, Jessica Schatzka, Cera Hoyer, and Joshua Larson should remain as parties. (Id., pp. 10-11).

The remaining Board members, Sandy Francom, Robert Kelly, Con Forder, Benjamin Graybill and Brian Loucks should be dismissed. (Id.).

**B. Court's Analysis**

**1. Solsrud's fiduciary duty claims fail to state a plausible claim for relief**

In diversity actions, the characterization of an action as derivative or direct is a question of state law. *Sax v. World Wide Press, Inc.*, 809 F.2d 610, 613 (9th Cir. 1987), citing C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1821 (2d ed. 1986); *Lewis v. Chiles,* 719 F.2d 1044, 1048–49 (9th Cir.1983). Under Montana law, as a general rule, an action enforces a corporate right "if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders." *Id.* Therefore, if the corporate wrong decreases the value of the corporation's stock, it does not necessarily create a direct cause of action for an individual shareholder. *Id.* A direct action can be taken either when there is a special duty, such as a contractual duty, between the wrongdoer and an individual shareholder, or when the individual shareholder suffers injury separate and distinct from that suffered by other shareholders. *Id*. at 614.

The Court agrees with the Individual Defendants. Solsrud's fiduciary duty claims are based upon a theory that the distribution of the 160 shares was illegal and

diluted his voting power.  The dilutive effect on Solsrud's shares, however, was not separate and distinct from that suffered by other shareholders. *Sax*, 809 F. 2d at 614.

Further, Solsrud's reliance on *Fox v. 7LBar Ranch Co*., 645 P.2d 929 (Mont. 1982), and *Skiera v. Skiera Brothers*, 629 P.2d 214 (Mont. 1981), is unpersuasive. Unlike the plaintiffs in those cases, Solsrud does not allege the Board engaged in any oppressive conduct directed at him or any action that affected his rights as a shareholder that was distinct from the impact on all other shareholders. Rather, all shareholders, including Solsrud, suffered the same proportionate effect on the value of their shares and voting power. Solsrud's breach of fiduciary duty claims against the Individual Defendants are therefore derivative and not direct and must be dismissed.

### 2. Individual Defendants who received part of share award are necessary parties

Part of Solsrud's declaratory judgment claim set forth in Count 1 of his Complaint asserts that the Board's issuing 160 shares to the certain directors and officers was invalid and ineffectual. (Doc. 1, ¶166 ).  Solsrud, therefore, requests the Court to declare  the stock distribution illegal and void under Montana law. (Id., p. 36).  The Court will grant the parties request to find that those certain Individual Defendants who received part of the 160-share stock distribution, including Directors Bruce Hoyer and Suzette Maki, and Officers Tammy Ogle, Jessica

Schatzka, Cera Hoyer and Joshua Larson, are necessary parties to this action to defend their interests regarding the alleged illegal stock distribution.

## IV.    CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that the Individual Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part** as follows:

1. The Motion to Dismiss the breach of fiduciary claims against the Individual Defendants, set forth as Counts V and VI of Solsrud's Complaint, is **GRANTED**. Board members, Sandy Francom, Robert Kelly, Con Forder, Benjamin Graybill and Brian Loucks are therefore dismissed as Defendants.

2. Individual Defendants Motion to Dismiss Directors Bruce Hoyer and Suzette Maki, and Officers Tammy Ogle, Jessica Schatzka, Cera Hoyer and Joshua Larson from this action, is **DENIED**.  As agreed by the Parties, these individuals shall remain as Individual Defendants to defend their interests in relation to Count 1 of Solsrud's Complaint.

DATED this 21st day of May 2026.

John Johnston
United States Magistrate Judge