IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRIAN K. SOLSRUD,<br><br>Plaintiff,<br><br>v.<br><br>BELT VALLEY BANK, BRUCE A. HOYER, CERA E. HOYER, JOSHUA J. LARSON, SUZETE L. MAKI, TAMMY R. OGLE, AND JESSICA SCHATZKA,<br><br>Defendants. | CV-26-08-GF-JTJ<br><br>ORDER |

## I. Background

Plaintiff Brian K. Solsrud (Solsrud) filed a Complaint against Defendants Belt Valley Bank (Bank), Bruce A. Hoyer, Cera E. Hoyer, Joshua J. Larson, Suzete L. Maki, Tammy R. Ogle, Jessica Schatzka, Sandy Francom, Robert Kelly, Conn Forder, Benjamin Graybill and Brian Loucks (Defendants). (Doc. 1). Solsrud sought declaratory and injunctive relief against the Bank and asserts claims for breach of a fiduciary duty against the Individual Defendants. (Id). Solsrud, a shareholder of the Bank, has challenged several actions the Bank made over the last five years. (Doc. 1). Regarding the Individual Defendants, Solsrud challenges the Bank's

Board of Directors' (Board) issuance of 160 shares of treasury stock to certain of the Bank's Officers and Directors.

The Individual Defendants filed a Motion to Dismiss Solsrud's Complaint. (Doc. 21). The Court partially granted their Motion by dismissing the fiduciary claims set forth as Counts V and VI against the Individual Defendants and thereby dismissed Board of Directors Sandy Francom, Robert Kelly, Conn Forder, Benjamin Graybill, and Brian Loucks from this action. (Doc. 48). The Court further ordered that the remaining Individual Defendants, Directors Bruce Hoyer and Suzette Maki, and Officers Tammy Ogle, Jessica Schatzka, Cera Hoyer and Joshua J. Larson, all of whom received some of the contested shares, remain as Individual Defendants to defend their interests in relation to Count 1 of Solsrud's Complaint. (Id.).

On June 25, 2026, the remaining Defendants filed a Partial Motion for Summary Judgment, and briefs in support, requesting that Counts 1 and 3 of Solsrud's Complaint be dismissed. (Docs. 50, 51 and 61). Defendants contend that any aspect of Count 1 aimed to challenge or invalidate the Bank's acquisition of the shares at issue, as well as Count 3, seeking to enjoin the officer-recipients from voting those shares, fail as a matter of law and should be dismissed. (Doc. 50, p. 2). Solsrud opposed the motion. (Doc. 58).

On September 11, 2026, Solsrud filed a Motion to Amend/Correct Scheduling Order and for Leave to file First Amended Complaint pursuant to Fed. R. of Civ. P. 15(a) and 16(b)(4), and briefs in support, contending newly discovered facts impact

the relief he is seeking. (Docs. 62, 63 and 66). Defendants oppose this motion. (Doc. 68).

## II. Motion to Amend/Correct Scheduling Order and Leave to File First Amended Complaint

The Court's Scheduling Order required all amendments of pleadings to be filed on or before July 24, 2026. (Doc. 47). Fed R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." In determining whether good cause exists, a court "considers primarily the diligence of the party seeking the amendment. *Hawk-Beauchman v. Romo*, 2015 WL 12780572, at * 1 (D. Mont. Jan. 22, 2015) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609. (9th Cir. 1992).

### A. Solsrud's Position

Solsrud contends he acted diligently in filing his Motion to Amend/Correct Scheduling Order and for Leave to file First Amended Complaint because he learned new facts after the deadline to amend pleadings had passed (Doc. 63, p. 2). Solsrud argues that by filing their current Motion for Partial Summary Judgment on June 25, 2026, only 21 days after the Court's May 21, 2026, Order regarding the Individual Defendants' Motion to Dismiss, the Defendants have prevented any party from having any meaningful opportunity to conduct discovery on the remaining claims. (Id., p. 3). Solsrud further contends that after he was granted a short extension to respond to the summary judgment motion, he conducted some discovery, including

taking the depositions of Individual Defendants Joshua Larson, Sandy Francom, and Bruce Hoyer. Solsrud also deposed Melanie Hall, Commissioner of the Banking & Financial Institutions Division of the Montana Department of Administration. (Id., pp 3-4).

Solsrud asserts that as a result of these depositions he learned new information to support his allegation that Defendants' 2020 by-laws modification was unlawful. (Id., p. 5). Solsrud also asserts he learned new information from these depositions and from the Defendants' August 10, 2026, production of the complete set of the Bank's shareholder meeting meetings, concerning the Board's improper attempt to amend a shareholder voting requirement in Section 3.09 of the 2013 Bylaws. Further, Solsrud states he learned that none of the Officer Defendants provided any consideration in exchange for the purported grant of Bank shares on May 5, 2025. (Id., pp. 5-6). Solsrud seeks to amend his Complaint to add these facts as an additional basis for the Court declaring the stock transfer invalid. (Id. p. 6).

Solsrud also seeks to add factual allegations he learned through depositions demonstrating that the Board's vote to purchase 160 shares of its own stock was an ineffective director's conflicting interest transaction and to add factual allegations regarding the conflicted status of all the directors who ratified the Board's original decision to award shares to the Officer Defendants. (Id., pp 6-7). Finally, Solsrud seeks to add allegations regarding the Banks's March 2026, annual shareholder

meeting. (Id., p. 8). Solsurd contends the Court's Order denying his motion for preliminary injunction (Doc 36 at p. 6) provides that if action was taken at that meeting in violation of the Bank's by-laws and Montana law, the Court could enter necessary orders to nullify any such action. (Id). Therefore, Solsrud's proposed amended complaint seeks to include relevant allegations regarding the Board's action at such meeting. (Id.).

Solsrud contends there is no evidence that he delayed the process to comply with the Rule 16 deadline and was diligent in seeking an amendment in the aftermath of learning new facts. (Id., p 10). Solsrud contends that the depositions were conducted after the July 24, 2026, pleadings deadline passed but were within a few weeks of the Court's ruling on Defendants' Motion to Dismiss. (Id., p. 11). Solsrud maintains it was reasonable for him to wait to serve written discovery requests and notice depositions until after he knew which claims would remain in the case. Further, Defendants' initial disclosures did not disclose the facts that form the basis of Solsrud's proposed amendment. (Id.). Accordingly, Solsrud contends he was diligent and should be permitted to amend his complaint based on becoming aware of additional facts after the pleading deadline passed. (Id., citing *Ronan Tel Co. V. Verizon Select Srevs., Inc.*, 340 F.R.D. 167, 171 (D. Mont. 2021)). Solsrud maintains the Court should not penalize him for taking the time to review the deposition testimony and the Defendants' August 10, 2026, document production before filing

the current motion. (Id., p. 12).

Having shown good cause under Rule 16(b), the court should then consider its amendment under Fed. R. Civ. P. 15(a)(2), which provides that leave should be freely given if there is no bad faith, undue delay, no prejudice to the opposing party, no futility and whether plaintiff has previously amended his complaint. (Id., p. 13, citing *Eminence Capital, LLC v. Aspeon Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003)). Solsrud contends he meet these factors. (Id).

Solsurd argues there is no bad faith as he is bringing the amendment to seek an appropriate remedy for the Board's improper conduct with no dishonest, malicious, tactical or other improper motive. (Id.). There has been no undue delay as noted above, and there is no prejudice because discovery is ongoing for four more months and Defendants have not yet served any discovery. (Id., p. 14 ). Further, the amendment does not raise different legal theories of proof of different facts. (Id.). Also, the proposed amended complaint is not futile as it merely seeks additional declaratory relief, which the Court is permitted to grant as part of its determination of whether the Bank took actions it was not legally permitted to take. (Id., p. 15). Finally, there has been no prior request to amend. (Id.).

**B. Defendants' Position**

Defendants counter that Solsrud's motion to amend is in response to their motion for partial summary judgment. (Doc. 65, p. 5). Specifically, Defendants

argue that Solsurd's opposition to their partial summary judgment motion asserted new allegations, including that the Bank's acquisition of shares in 2021, not just its subsequent issuance of the shares in 2025, was invalid and that the November 2025, ratification failed because every director was conflicted. (Id.). Therefore, Defendants pointed out in their reply brief that it was improper for Solsrud to raise these theories that were never plead in response to a summary judgment motion. (Id.). Solsrud motion to amend his complaint is therefore no more than an attempt to end-run the pleading amendment rules to hedge his bets if the partial summary judgment motion is granted. (Id.).

Further, Defendants argue that Solsrud's motion fails to show good cause because he has not been diligent. (Id.). Solsrud also cannot meet the Rule 15(a) standard because the amendment is prejudicial and futile. (Id., p. 5-6).

According to Defendants, at the time they agreed to Solsrud's 35-day extension on July 3, 2026, to allow him to serve discovery requests and take depositions, they had to remind Solsrud he had never served initial disclosures and couldn't conduct discovery until doing so. (Id., p. 7). Notably, had Solsrud timely served his initial disclosures on May 20, 2026, when they were due, he would have had over two months to conduct discovery before the stipulated deadline to amend his complaint. (Id., p. 8).

Defendants further argue Solsrud was not diligent because he waited to see

how they would respond to his summary judgment arguments before filing the motion to amend. (Id., p. 12). Defendants maintain that they identified the sources associated with each of Solsrud's additional factual allegations in their initial disclosures on May 20, 2026, and had Solsrud timely served his initial disclosures he could have commenced discovery immediately. (Id., p. 14). Solsrud's proposed amendments either arise from facts known to him from inception of case or from information he could have obtained if he acted diligently in complying with the Scheduling Order. (Id. p. 16).

Regardless, Defendants argue that if the Court determines Solsrud has met the Rule 16 standard, the Rule 15 factors weigh against allowing the amendment of Solsrud's Complaint. (Id., pp 18). Defendants argue that undue delay exists as courts rarely grant leave to add new legal theories or new parties after a summary judgment motion has been filed. (Id., p. 18, citing *Lockheed Martin Corp., v. Network Sols., Inc,* 194 F.3d 980, 981 (9th Cir. 1999). Solsrud's proposed amendment would cause undue delay if his efforts to avoid summary judgment based on previously unpled theories is successful. (Id.).

Also, Defendants contend they would be prejudiced by the amendment. (Id., pp. 20-21). A party's attempt to initiate late litigation theory changes while a fully briefed substantive motion is pending weighs against amendment in light of the prejudice to non-moving party. (Id., p. 20, citing *O'Neil v. Steel* 2021 WL 57773900,

at *2 (D. Mont., June 8, 2021). If permitted, it would require Defendants to again move to dismiss certain claims and parties, prepare an answer and move again for summary judgment. (Id.). It would further require the dates in the Scheduling Order to be pushed pack, causing further delay. (Id.). Finally, Defendants argue that Solsrud's proposed amendment renames dismissed parties, repleads dismissed claims, and asserts new claims on which he cannot recover, rendering his amendment futile. (Id. p. 21-22).

**C. Solsrud's Reply**

Solsrud counters that he has shown good cause for the amendment because of the new additional facts he learned through depositions and initial disclosures including: Defendants knowledge that the Board could not have staggered terms; that the vote to change the Bylaws to prevent the entire Board without approval of 75% of shareholders did not take place; that none of the Individual Defendants had provided any consideration in exchange for the shares; and information regarding Bruce Hoyer's conflict of interest and influence over other Board members. (Doc. 63, pp. 3-5).

Solsrud also contends that he acted diligently by waiting until after the Court's ruling on the motion to dismiss and the filing of Defendants' answer before initiating written discovery. (Id., p. 6). It was reasonable to wait until he knew what claims and what Defendants would be parties before serving written discovery. (Id.).

Solsrud further contends he sought depositions prior to the pleadings' deadline, but they did not occur until after the deadline due to the parties' schedules. (Id., p. 7).

Solsrud argues that by naming dismissed parties and including dismissed claims to avoid claims of waiver in the event of an appeal does not make the amendment futile. (Id., p. 8). Solsrud indicates the proposed amended complaint does not seek to reassert claims or re-join parties the Court already dismissed, but it is not futile to reassert these claims for the purpose of avoiding waiver of these claims on appeal and because the additional allegations are relevant to remaining claims. (Id.).

According to Solsrud, the proposed amended complaint is also not futile because its allegations challenge the legality of the Board's actions based on the newly discovered information. (Id., pp. 9-12). Further, the pending summary judgment motion should not preclude amendment based on the timing of the summary judgment motion. As the summary judgment motion was filed only three weeks after Defendants' answer and before any meaningful discovery, this should not prevent Solsrud from amending his complaint. (Id., p. 12). Further, the new allegations demonstrate an independent basis for declaring the Board's issuance of the shares illegal. (Id., p. 13).

**D. Court's Analysis**

Under Rule 15(a)(2), courts should freely grant leave to amend when justice

so requires. "Amendment should be permitted unless the opposing party makes a showing of 'undue delay, bad faith…, undue prejudice … or futility of amendment." *Schwartz v. Miller*, 153 F.4th 918, 932 (9th Cir. 2025), citing *Foman v. Davis,* 371 U.S 178, 182 (1962). Consideration of prejudice to the opposing party carries the greatest weight. *Eminence Capital*, 316 F. 3d at 1052 (9th Cir. 2003).

The Court determines that Solsrud acted diligently in seeking to file his First Amended Complaint, based upon the new information obtained through discovery, which occurred after the deadline to amend pleadings. Therefore, Solsrud has established good cause under Rule 16(b)(4).

The Court further determines that Defendants have failed to meet their burden to show there has been undue delay, that Plaintiffs acted in bad faith or that they will be prejudiced by the filing of the First Amended Complaint. Unlike *O'Neill*, Defendants' motion for summary judgment was not filed late in the litigation but was filed early in the discovery process. Solsrud should be allowed to amend his Complaint to include additional allegations that he contends are based upon newly acquired information obtained through discovery and which support an independent basis for his claims. Accordingly, Defendants have failed to show that allowing the amended pleading to be filed will be futile.

Applying Rule 15(a)(2)'s requirement that the court should freely grant leave to amend when justice so requires, the Court determines Plaintiffs' Motion

should be granted. *Ronan Tel Co. V. Verizon Select Srevs., Inc.*, 340 F.R.D. 167, 160-70 (D. Mont. 2021). This determination renders Defendants' pending Motion for Partial Summary Judgment moot.

Accordingly,

IT IS ORDERED that Solsrud's Motion to Amend/Correct Scheduling Order and for Leave to File First Amended Complaint (Doc. 62) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for Partial Summary Judgment (Doc. 50) is DENIED AS MOOT.

DATED this 10th day of November 2026.



John Johnston
United States Magistrate Judge